UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL IAN STRIKER,

    Defendant.

Case No. 08-cr-266 (JNE/JJG)

ORDER

This matter is before the Court for a ruling on Defendant Michael Ian Striker's Motion to Modify Restitution Payment Schedule. For the reasons set forth below, that motion is denied.

## BACKGROUND

In February 2010, Striker was sentenced to 41 months imprisonment and five years of supervised release after pleading guilty to one count of aiding and abetting bank fraud and one count of money laundering. ECF No. 89. He was also ordered to pay joint and several restitution in the amount of $399,107.42. *Id.* The Court's restitution order called for Striker to make payments of not less than $50 per month over a period of five years, commencing 30 days after his release from confinement. *Id.* Striker was released from prison on October 5, 2012, and on February 3, 2015 he was granted early release from supervision. ECF No. 101.

On April 19, 2017, in an effort to aid in its collection of Striker's unpaid restitution debt, the Government served Striker with interrogatories related to his household income and expenses. ECF No. 107-2. Striker responded on April 28, 2017, but he did not include his spouse's employment, salary, and other income-related items that were requested. *Id.* Based on that initial information, the Government established a monthly payment plan of $800. ECF No.

1

107-3. Striker then submitted an affidavit on September 11, 2017 in which he provided his spouse's financial information and made corrections to some of his household expenses. ECF No. 107-5. The Government reviewed that affidavit and determined that, given Striker's household income ($7,453.06) and the IRS National Standards for allowable living expenses for a household like Striker's ($4,558), the $800 monthly payment plan was appropriate. Scott Decl. ¶¶ 5-6. Striker contends that he cannot afford to make the $800 monthly payment. Def.'s Mem. at 3.

## DISCUSSION

Striker urges the Court to exercise its authority under 18 U.S.C. § 3664(k) to modify his restitution payment schedule. Section 3664(k) authorizes a court to adjust a restitution payment schedule once it has been properly notified of a "material change in the defendant's economic circumstances." A material change in this context "is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Dye*, 48 F. App'x 218, 220 (8th Cir. 2002); *see also United States v. Grant,* 235 F.3d 95, 100 (2d Cir. 2000).

Striker's request fails because he has not provided any evidence of a material change in his economic circumstances. To the contrary, his principal argument is that his economic circumstances have *not* changed, and that the Government's assessment of an $800 monthly payment is therefore unfair because the original schedule was set at only $50 per month. *See* Def.'s Mem. at 3 (arguing that Striker's disclosures "did not change [his] pre-established circumstances"). But the Government's assessment of how much Striker must now pay to satisfy his post-sentence debt is not an issue the Court can reach under § 3664(k). Under that provision, the Court's authority to modify a restitution payment schedule exists only to the extent that there

has been a material change in the defendant's economic circumstances. By Striker's own admission, such a change has not occurred.[1] Accordingly, the motion is denied.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

Plaintiff's Motion to Modify Restitution Payment Schedule [ECF No. 109] is DENIED.

Dated: May 21, 2018                                      **s/ Joan N. Ericksen**
                                                         JOAN N. ERICKSEN
                                                         United States District Judge

---

[1] Striker's reply brief raises for the first time the possibility that he may undergo medical procedures on his knee and shoulder. Def.'s Reply at 1-2. While Striker may eventually have these surgeries, the record makes clear that the procedures have not occurred yet. *Id.* at 3-8. Moreover, nothing in the record establishes that any other aspect of these infirmities has created a financial hardship. Therefore, Striker's references to his medical conditions do not demonstrate a material change under § 3664(k).